IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC., UCB MANUFACTURING IRELAND LIMITED, UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) ) ) |
| Plaintiffs. | ) ) ) |
| v. | ) C.A. No. 14-1083 (SLR) |
| | ) |
| WATSON LABORATORIES, INC. (Nevada) and WATSON LABORATORIES, INC. (Delaware), | ) ) ) ) |
| Defendants. | ) ) |

## PATENT CASE SCHEDULING ORDER

At Wilmington this ___ day of November 2014, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.    **Fact Discovery.**

(a)    All fact discovery shall be commenced in time to be completed by **January 15, 2016**.

(b)    **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c)     **Initial Disclosures.**[1] Absent agreement among the parties:

(1)     The parties shall exchange their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and the timing set forth in the Delaware Default Rules on or before **December 12, 2014**.  The parties will promptly confer with a view toward reaching agreement on the number of custodians to be disclosed, production of native files, metadata fields, and other parameters of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

(2)     On or before **December 12, 2014**, plaintiffs shall identify the accused product(s)[2], as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiffs shall produce the file history for each asserted patent.

(3)     On or before **December 12, 2014**, defendants shall produce to plaintiffs the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.

(4)     The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5)     On or before **February 2, 2015**, plaintiffs shall produce initial infringement contentions relating each known accused product to the asserted claims each such product allegedly infringes.

---

[1]     The court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

[2]     Including accused methods and systems.

(6)     On or before **February 27, 2015**, defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(d)     Document production.

(1)     Maximum of 100 requests for production by each side to the other side.

(2)     Discovery of paper and electronic documents shall be completed on or before **June 30, 2015**.

(e)     **Depositions.**

(1)     No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

(2)     The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.   The parties propose one hundred and ten (110) hours total for fact witnesses, including Rule 30(b)(6) witnesses, with no more than (7) hours per witness absent agreement of the parties or an order of the Court.

(3)     To the extent feasible and reasonable, the parties shall endeavor to produce all deposition witnesses within their control within the United States and at a mutually agreeable time.

(f)     **Written Discovery.**

(1)     Maximum of 35 interrogatories by each side to the other side.

(2)    Final infringement contentions[3] shall be due on or before **December 18, 2015**.

(3)    Final invalidity contentions shall be due on or before **December 18, 2015**.

(4)    Maximum of 50 requests for admission by each side to the other side, with no limit on admissions regarding authenticating documents.

(g)    **Supplementation.** No later than **December 18, 2015**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

(h)    The parties consent to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties agree that service on any party by email shall be made on both local and national counsel of that party.  The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

2.    **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend pleadings shall be filed on or before **May 15, 2015**.

3.    **Willfulness.** Willfulness has not been asserted in this case.

4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[4] for the purposes of exploring ADR.

---

[3]    The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

5.      **Claim Construction.[5]**

(a)      The parties shall exchange lists of those claim terms in need of construction on or before **May 8, 2015**, and shall exchange proposed constructions for those claim terms in need of construction on or before **May 22, 2015**.

(b)      The parties shall agree upon and file a Joint Claim Construction Statement on **June 12, 2015**. For any contested claim limitation, each party must submit a proposed construction.[6]

(c)      Plaintiffs shall serve and file their opening brief on claim construction on or before **July 17, 2015**.

(d)      Defendants shall serve and files their answering claim construction brief on or before **August 14, 2015**.

(e)      Plaintiffs shall serve and file their reply brief on or before **September 11, 2015**.

(f)      Defendants shall serve and file their surreply brief on or before **October 2, 2015**.

(g)      The court shall conduct a hearing on claim construction on **December 4, 2015 at 9:30 a.m.**.[7]

---

(. . . continued)

[4]      The court may also refer ADR to a Special Master.

[5]      The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[6]      Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(h)     The court shall issue its decision on claim construction on or before **January 15, 2016**.

(i)     The court shall thereafter conduct a status conference on **February 1, 2016 at 4:30 p.m.**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6.     **Expert Discovery.**

(a)     All expert discovery shall be commenced in time to be completed by **May 6, 2016**.

(b)     Expert reports on issues for which the parties have the burden of proof shall be served on or before **February 19, 2016**. Rebuttal expert reports shall be served on or before **March 18, 2016**. Supplemental reports (on secondary considerations of obviousness) shall be served on or before **April 8, 2016**.

(c)     Expert depositions are limited to a maximum of seven (7) hours per expert, absent agreement of the parties or order of the court.

(d)     The court shall conduct an in-person status conference on **May 19, 2016 at 4:30 p.m.**, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

---

(. . . continued)

[7]     Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

7.     **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate absent agreement of the parties or order of the court.

8.     **Motion Practice.**

(a)     All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b)     All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

(c)     No party may file a summary judgment motion without leave of Court, and such leave must be sought no later than **January 31, 2016**.

9.     **Communications with the Court.**

(a)     Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d)     To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

10.     **Motions *in Limine*. No** motions *in limine* shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11.     **Pretrial Conference.** A pretrial conference shall be held on **July 25, 2016 at 3:30 p.m.**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12.     **Trial.** This matter is scheduled for a **10 day bench** trial commencing on **August 3, 2016**. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

_____
UNITED STATES DISTRICT JUDGE

8627060