IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UCB, INC., UCB MANUFACTURING IRELAND LIMITED, UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) | |
| Plaintiffs, | ) | C. A. No.: 14-1083-SLR-SRF |
| v. | ) | |
| WATSON LABORATORIES, INC. and ACTAVIS LABORATORIES UT, INC. | ) | |
| Defendants. | ) | |

**DEFENDANTS WATSON LABORATORIES, INC.'S AND ACTAVIS LABORATORIES UT, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendants Watson Laboratories, Inc. and Actavis Laboratories UT, Inc. (collectively, "Defendants"), through their attorneys, hereby submit this Answer, Affirmative Defenses, and Counterclaims to the Amended and Supplemental Complaint filed by Plaintiffs UCB, Inc. ("UCB, Inc."), UCB Manufacturing Ireland Limited ("UCB Ireland"), UCB Pharma GmbH ("UCB Pharma") and LTS Lohmann Therapie-Systeme AG ("LTS") (collectively, "Plaintiffs").

**ANSWER TO COMPLAINT**

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Defendants deny all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Defendants deny that Plaintiffs are entitled to the relief requested or any other relief. Defendants respond to the Complaint as follows:

## NATURE OF THE ACTION

1. Defendants admit that the Complaint purports to state an action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, arising from the submission of Abbreviated New Drug Application ("ANDA") No. 206348 (the "Watson ANDA") to the United States Food & Drug Administration (the "FDA"). Defendants further admit that the Complaint purports to allege that Defendants seek approval to market a generic version of Neupro® prior to the expiration of U.S. Patent Nos. 6,699,498 (the "'498 patent"), 6,884,434 (the "'434 patent"), 7,413,747 (the "'747 patent"), 8,617,591 (the "'591 patent"), 8,232,414 ("the '414 Patent") and 8,932,665 ("the '665 Patent"). Defendants further admit that the Complaint purports to seek declaratory and injunctive relief precluding infringement, attorneys' fees, and any other relief the court deems just and proper. Defendants deny the remaining allegations of paragraph 1.

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, therefore, deny the same.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, deny the same.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, deny the same.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, deny the same.

6. Admitted.

7. Admitted.

## JURISDICTION AND VENUE

8. Defendants admit that the Complaint purports to state an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, alleging infringement of the ’498, ’434, ’747, and ’591 patents, and imminent infringement of the ’414 and ’665 patents, but deny that Plaintiffs’ claims have merit. Defendants do not contest that the Court has subject matter jurisdiction over this action. Defendants do not contest venue for purposes of this action only. Defendants deny the remaining allegations of paragraph 8.

9. Defendants do not contest personal jurisdiction over Watson Laboratories, Inc. for purposes of this action only. Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA. Defendants deny the remaining allegations of paragraph 10.

11. Defendants admit that Watson Laboratories, Inc., submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the products described in the Watson ANDA, and that Watson Laboratories, Inc. continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 11.

12. Defendants admit that Watson Laboratories, Inc., submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the products described in the Watson ANDA, and that the products described in the Watson ANDA may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 12.

13. Defendants admit that Watson Laboratories, Inc. is a party to *Takeda Pharma. USA., Inc. v. Watson Labs., Inc.*, No. 14-268; *Fresenius Kabi USA, LLC v. Watson Labs., Inc.*,

No. 14-161; *Sanoji v. Watson Labs., Inc.*, No. 14-265. Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit that Watson Laboratories, Inc. is a party to *Takeda Pharma. USA., Inc. v. Watson Labs., Inc.*, No. 14-268 and *Fresenius Kabi USA, LLC v. Watson Labs., Inc.*, No. 14-161. Defendants deny the remaining allegations of paragraph 14.

15. Defendants do not contest personal jurisdiction over Actavis Laboratories UT, Inc. for purposes of this action only. Defendants admit that Actavis Laboratories UT, Inc. is incorporated in the State of Delaware. Defendants deny the remaining allegations of paragraph 15.

**PLAINTIFFS' PATENTS AND APPROVED NEUPRO ® DRUG PRODUCT**

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, therefore, deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, therefore, deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, therefore, deny the same.

20. Defendants admit that Plaintiff UCB, Inc. is the purported holder of New Drug Application ("NDA") No. 021829 and that NDA No. 021829 was approved in May 2007 and that a supplemental application was approved in April 2012. Defendants admit that the *Approved Drug Products With Therapeutic Equivalence Evaluations* (the "Orange Book")

appears to list exclusivity codes associated with NDA No. 021829. Defendants deny the remaining allegations of paragraph 20.

21. Defendants admit that the '498, '434, '747, and '591 patents appear to be listed in the Orange Book for Neupro®. Defendants deny the remaining allegations of paragraph 21.

22. Defendants admit that the '498 patent states on its face that it is entitled "Transdermal Therapeutic Systems Having Improved Stability and Their Production" and states that it was issued on March 2, 2004. Defendants further admit that Exhibit A purports to be a copy of the '498 patent. Defendants deny that the '498 patent was "duly and lawfully issued" and deny the remaining allegations of paragraph 22.

23. Defendants admit that the '434 patent states on its face that it is entitled "Transdermal Therapeutic System Which Contains a D2 Agonist and Which is Provided for Treating Parkinsonism, and a Method of the Production Thereof" and states that it was issued on April 26, 2005. Defendants further admit that Exhibit B purports to be a copy of the '434 patent. Defendants deny that the '434 patent was "duly and lawfully issued" and deny the remaining allegations of paragraph 23.

24. Defendants admit that the '747 patent states on its face that it is entitled "Transdermal Therapeutic System For Treating Parkinsonism" and states that it was issued on August 19, 2008. Defendants further admit that Exhibit C purports to be a copy of the '747 patent. Defendants deny that the '747 patent was "duly and lawfully issued" and deny the remaining allegations of paragraph 24.

25. Defendants admit that the '591 patent states on its face that it is entitled "Transdermal Delivery System for the Administration of Rotigotine" and states that it was issued on December 31, 2013. Defendants further admit Exhibit D purports to be a copy of the '591

patent. Defendants deny that the ’591 patent was “duly and lawfully issued” and deny the remaining allegations of paragraph 27.

26. Defendants admit that the ’414 patent states on its face that it is entitled “Polymorphic Form of Rotigotine and Process for Production” and states that it was issued on July 31, 2012. Defendants further admit that what appears to be a copy of the ’414 patent was attached to the Complaint as Exhibit E. Defendants deny that the ’414 patent was “duly and lawfully issued” and deny the remaining allegations of paragraph 26.

27. Defendants admit that the ’665 patent states on its face that it is entitled “Method for Preventing the Crystallisation of Pharmaceuticals in a Polymer Film” and states that it was issued on January 13, 2015. Defendants further admit that what appears to be a copy of the ’665 patent was attached to the Complaint as Exhibit F. Defendants deny that the ’665 patent was “duly and lawfully issued” and deny the remaining allegations of paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, deny the same.

**DEFENDANTS’ ANDA**

29. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of Rotigotine Transdermal System (1 mg/24 hours, 2 mg/24 hours, 3 mg/24 hours, 4 mg/24 hours, 6 mg/24 hours, and 8 mg/24 hours) (the “Watson Products”), and that the Watson Products may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 29.

30. Defendants admit that Watson Laboratories, Inc. sent Plaintiffs a “Notification of Certification for U.S. Patent Nos. 6,699,498; 6,884,434; 7,413,747; 8,246,979; 8,246,980, and

8,617,591 Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act" dated July 8, 2014 ("Notice Letter"). Defendants further admit that the Notice Letter represented that Watson Laboratories, Inc. had submitted to the FDA the Watson ANDA and paragraph IV certifications to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Watson ANDA before the expiration of the patents listed in the Orange Book for NDA No. 021829. Defendants further admit that the Notice Letter also stated that the paragraph IV certifications allege that the '498, '434, '747, '979, '980 and '591 patents are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, or sale of the Watson Products. Defendants deny the remaining allegations of paragraph 30.

31. Defendants admit that Watson Laboratories, Inc. continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 31.

32. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the Watson Products may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 32.

33. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the Watson Products may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 33.

34. Defendants do not contest that this action was brought within forty-five days of the receipt of the Notice Letter by one or more Plaintiffs.

## COUNT I: CLAIM FOR INFRINGEMENT OF THE '498 PATENT

35. Defendants repeat and incorporate by reference their responses to paragraphs 1-34 of the Complaint.

36. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA and continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 36.

37. Denied.

38. Denied.

39. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, which includes a certification that the '498 patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the Watson Products. Defendants deny the remaining allegations of paragraph 39.

40. Denied.

## COUNT II: CLAIM FOR INFRINGEMENT OF THE '434 PATENT

41. Defendants repeat and incorporate by reference their responses to paragraphs 1-40 of the Complaint.

42. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA and continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 42.

43. Denied.

44. Denied.

45. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the

Watson Products may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 45.

46. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, which includes a certification that the '434 patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the Watson Products. Defendants deny the remaining allegations of paragraph 46.

47. Denied.

**COUNT III: CLAIM FOR INFRINGEMENT OF THE '747 PATENT**

48. Defendants repeat and incorporate by reference their responses to paragraphs 1-47 of the Complaint.

49. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA and continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 49.

50. Denied.

51. Denied.

52. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the Watson Products may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 52.

53. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, which includes a certification that the '747 patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the Watson Products. Defendants deny the remaining allegations of paragraph 53.

54. Denied.

## COUNT IV: CLAIM FOR INFRINGEMENT OF THE '591 PATENT

55. Defendants repeat and incorporate by reference their responses to paragraphs 1-54 of the Complaint.

56. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA and continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 56.

57. Denied.

58. Denied.

59. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the Watson Products may be marketed at some point in the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 59.

60. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, which includes a certification that the '591 patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the Watson Products. Defendants deny the remaining allegations of paragraph 60.

61. Denied.

## COUNT V: CLAIM FOR INFRINGEMENT OF THE '414 PATENT

62. Defendants repeat and incorporate by reference their responses to paragraphs 1-61 of the Complaint.

63. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA and continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 63.

64. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the Watson Products may be marketed at some point tin the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 64.

65. Denied.

66. Defendants admit that Plaintiffs assert that Defendants' commercial manufacture of the ANDA Products will infringe one or more claims of the '414 Patent. Defendants deny the remaining allegations of paragraph 66.

67. Denied.

68. Denied.

**COUNT VI: CLAIM FOR INFRINGEMENT OF THE '665 PATENT**

69. Defendants repeat and incorporate by reference their responses to paragraphs 1-68 of the Complaint.

70. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA and continues to seek approval of the Watson ANDA from the FDA. Defendants deny the remaining allegations of paragraph 70.

71. Defendants admit that Watson Laboratories, Inc. submitted the Watson ANDA to the FDA, that Actavis Laboratories UT, Inc. may manufacture the Watson Products, and that the Watson Products may be marketed at some point tin the future in the event that the FDA approves the Watson ANDA. Defendants deny the remaining allegations of paragraph 71.

72. Denied.

73. Defendants admit that Plaintiffs assert that Defendants' commercial manufacture of the ANDA Products will infringe one or more claims of the '665 Patent. Defendants deny the remaining allegations of paragraph 73.

74. Denied.

75. Denied.

## REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief they seek in the prayer for relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

76. The manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '498 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

77. The manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '434 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

78. The manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '747 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

79. The manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '591 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

80. The manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '414 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

81. The manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the '665 patent directly, indirectly, by inducement, contributorily, literally, under the doctrine of equivalents, or in any other manner.

82. Each and every claim of the '498 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

83. Each and every claim of the '434 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

84. Each and every claim of the '747 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

85. Each and every claim of the ’591 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

86. Each and every claim of the ’414 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

87. Each and every claim of the ’665 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

88. Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

89. Defendants reserve the right to allege additional affirmative defenses as they become known through the course of discovery.

## COUNTERCLAIMS

Without admitting any of the allegations of UCB, Inc. (“UCB, Inc.”), UCB Manufacturing Ireland Limited (“UCB Ireland”), UCB Pharma GmbH (“UCB Pharma”), and LTS Lohmann Therapie-Systeme AG (“LTS”) (collectively, “Counterclaim Defendants”), other than those expressly admitted herein, and without prejudice to the right of Watson Laboratories, Inc. and Actavis Laboratories UT, Inc. (collectively, “Counterclaim Plaintiffs”) to plead additional Counterclaims as the facts of the matter warrant, Counterclaim Plaintiffs hereby assert the following Counterclaims against Counterclaim Defendants.

## NATURE OF THE ACTION

These Counterclaims seek a declaratory judgment that the Rotigotine Transdermal System (1 mg/24 hours, 2 mg/24 hours, 3 mg/24 hours, 4 mg/24 hours, 6 mg/24 hours, and 8 mg/24 hours) (the "Watson Products") described in Watson's ANDA No. 206348 (the "Watson ANDA") do not infringe any valid and enforceable claim of U.S. Patent Nos. 6,699,498 (the "'498 patent"), 6,884,434 (the "'434 patent"), 7,413,747 (the "'747 patent"), 8,246,979 (the "'979 patent"), 8,246,980 (the "'980 patent") and 8,617,591 (the "'591 patent"), and that each and every claim of the patents is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## THE PARTIES

1. Watson Laboratories, Inc. is a Nevada corporation with a place of business at 311 Bonnie Circle, Corona, California 92880.

2. Defendants Actavis Laboratories UT, Inc. is a Delaware corporation with a place of business at 575 Chipeta Way, Salt Lake City, Utah 84108.

3. Upon information and belief, UCB, Inc. is a Delaware corporation with a place of business at 1950 Lake Park Drive, Smyrna, Georgia 30080.

4. Upon information and belief, UCB Ireland is a Republic of Ireland corporation with an office and place of business at Shannon Industrial Estate, Shannon, Co. Clare, Ireland.

5. Upon information and belief, UCB Pharma is a Federal Republic of Germany corporation with an office and place of business at Alfred Nobel Strasse 10, 40789 Monheim, Germany.

6. Upon information and belief, LTS is Federal Republic of Germany corporation with an office and place of business at Lohmannstrasse 2, 56626 Andernach, Germany.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. Personal jurisdiction over Counterclaim Defendants is proper because, *inter alia*, Counterclaim Defendants have consented to the personal jurisdiction of this Court by commencing their action for patent infringement in this Judicial District, as set forth in their Complaint.

9. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

10. There is an actual justiciable controversy between the parties concerning non-infringement and invalidity of the '498, '434, '747, '591, '414, and '665 patents.

## FACTUAL BACKGROUND

11. According to the United States Food & Drug Administration ("FDA") publication entitled *Approved Drug Products and Therapeutic Equivalence Evaluations* (the "Orange Book"), UCB, Inc. holds approved New Drug Application ("NDA") No. 021829 for Neupro®.

12. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

13. The '498 patent is entitled on its face "Transdermal Therapeutic Systems Having Improved Stability and Their Production" and states that it was issued March 2, 2004.

14. The '434 patent is entitled on its face "Transdermal Therapeutic System Which Contains a D2 Agonist and Which is Provided for Treating Parkinsonism, and a Method of the Production Thereof" and states that it was issued April 26, 2005.

15. The '747 patent is entitled on its face "Transdermal Therapeutic System For Treating Parkinsonism" and states that it was issued August 19, 2008.

16. The '591 patent is entitled on its face "Transdermal Delivery System for the Administration of Rotigotine" and states that it was issued December 31, 2013.

17. The '414 patent is entitled on its face "Polymorphic Form of Rotigotine and Process for Production" and states that it was issued July 31, 2012.

18. The '665 patent is entitled on its face "Method for Preventing the Crystallisation of Pharmaceuticals in a Polymer Film" and states that it was issued January 13, 2015.

19. Upon information and belief, and as stated in Counterclaim Defendants' Complaint in this action, the '498, '434, '747, '591, '414, and '665 patents are each owned or co-owned by one or more of Counterclaim Defendants UCB Ireland, UCB Pharma, and LTS.

20. Upon information and belief, one or more of Counterclaim Defendants caused the '498, '434, '747, and '591 patents to be listed in the Orange Book as patents that claim Neupro® or methods of using Neupro®. Furthermore, upon information and belief, the '414 and '665 patents are not listed in the Orange Book.

21. The Watson ANDA was filed by Watson Laboratories, Inc. seeking FDA approval to engage in the commercial manufacture, use, or sale of the Watson Products.

22. The Watson ANDA contained "paragraph IV certifications" under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '498, '434, '747, '979, '980, and '591 patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the Watson Products.

23. On August 21, 2014, Counterclaim Defendants filed this lawsuit alleging infringement of the '498, '434, '747, '979, '980, and '591 patents.

24. On May 15, 2015, Counterclaim Defendants stipulated to the dismissal, with prejudice, of the '979 and '980 patents.

25. On May 15, 2015, Counterclaim Defendants sought leave to file, and on May 22, 2015 Counterclaim Defendants filed, the Amended and Supplemental Complaint for Patent Infringement asserting the '498, '434, '747, '591, '414, and '665 patents (D.I. 61).

**COUNT I:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '498 PATENT**

26. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-25 of these Counterclaims.

27. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '498 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '498 patent.

28. Each and every claim of the '498 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

29. The alleged invention of the '498 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

30. The alleged invention of the '498 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States.

31. The '498 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

32. The alleged invention of the '498 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '498 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '498 patent and would have had a reasonable expectation of success in doing so.

33. The subject matter claimed in the '498 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

34. The '498 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

35. The claims of the '498 patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by 35 U.S.C. § 112.

36. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '498 patent are invalid.

**COUNT II:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '498 PATENT**

37. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-36 of these Counterclaims.

38. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '498 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

39. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '498 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

40. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '498 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '498 patent.

**COUNT III:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '434 PATENT**

41. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-40 of these Counterclaims.

42. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '434 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '434 patent.

43. Each and every claim of the '434 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

44. The alleged invention of the '434 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

45. The alleged invention of the '434 patent was patented or described in a printed publication in this or a foreign country, or in public use in this country, more than one year prior to the date of the application for patent in the United States.

46. The '434 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

47. The alleged invention of the '434 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '434 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '434 patent and would have had a reasonable expectation of success in doing so.

48. The subject matter claimed in the '434 patent fails to comply with 35 U.S.C.

§§ 102 and/or 103 in that the differences between the subject matter claimed in such patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains.

49. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '434 patent are invalid.

**COUNT IV:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '434 PATENT**

50. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-49 of these Counterclaims.

51. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '434 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

52. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '434 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

53. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '434 patent and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '434 patent either literally or under the doctrine of equivalents.

**COUNT V:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '747 PATENT**

54. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-53 of these Counterclaims.

55. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '747 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '747 patent.

56. Each and every claim of the '747 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. § 103.

57. The '747 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

58. The alleged invention of the '747 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '747 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '747 patent and would have had a reasonable expectation of success in doing so.

59. The subject matter claimed in the '747 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

60. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the ’747 patent are invalid.

**COUNT VI:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’747 PATENT**

61. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-60 of these Counterclaims.

62. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the ’747 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

63. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’747 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

64. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the ’747 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the ’747 patent either literally or under the doctrine of equivalents.

**COUNT VII:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’591 PATENT**

65. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-64 of these Counterclaims.

66. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '591 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '591 patent.

67. Each and every claim of the '591 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

68. The alleged invention of the '591 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

69. The alleged invention of the '591 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States.

70. The '591 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

71. The alleged invention of the '591 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '591 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '591 patent and would have had a reasonable expectation of success in doing so.

72. The subject matter claimed in the '591 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the

prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

73. The '591 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

74. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '591 patent are invalid.

## COUNT VIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '591 PATENT

75. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-74 of these Counterclaims.

76. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '591 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

77. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '591 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

78. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '591 patent; and

that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '591 patent either literally or under the doctrine of equivalents.

**COUNT IX:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '414 PATENT**

79. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-78 of these Counterclaims.

80. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '414 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '414 patent.

81. Each and every claim of the '414 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

82. The alleged invention of the '414 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

83. The alleged invention of the '414 patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

84. The alleged invention of the '414 patent was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent.

85. The '414 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

86. The alleged invention of the '414 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '414 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '414 patent and would have had a reasonable expectation of success in doing so.

87. The subject matter claimed in the '414 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

88. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '414 patent are invalid.

**COUNT X:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '414 PATENT**

89. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-88 of these Counterclaims.

90. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or

will infringe any valid and enforceable claim of the '414 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

91. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '414 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

92. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '414 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '980 patent either literally or under the doctrine of equivalents.

**COUNT XI:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '665 PATENT**

93. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-92 of these Counterclaims.

94. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '665 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '665 patent.

95. Each and every claim of the '665 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

96. The alleged invention of the '665 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

97. The alleged invention of the '665 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States.

98. The '665 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

99. The alleged invention of the '665 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '665 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '665 patent and would have had a reasonable expectation of success in doing so.

100. The subject matter claimed in the '665 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

101. The '665 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

102. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '665 patent are invalid.

**COUNT XII:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '665 PATENT**

103. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-102 of these Counterclaims.

104. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '665 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

105. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '665 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

106. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '665 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '665 patent either literally or under the doctrine of equivalents.

**COUNTERCLAIM PLAINTIFFS' PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Court enter judgment in their favor against Counterclaim Defendants and issue an order:

(a) Dismissing the Counterclaim Defendants' Complaint with prejudice and denying each request for relief made by Counterclaim Defendants;

(b) Declaring all claims of the '498, '434, '747, '591, '414, and '665 patents invalid;

(c) Declaring that the filing of the Watson ANDA has not infringed and does not infringe any valid and enforceable claim, if any, of the '498, '434, '747, '591, '414 and '665 patents;

(d) Declaring that Watson Laboratories, Inc. has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim, if any, of the '498, '434, '747, '591, '414, and '665 patents;

(e) Declaring that Actavis Laboratories UT, Inc. has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim, if any, of the '498, '434, '747, '591, '414, and '665 patents;

(f) Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products does not, and would not, if marketed, directly or indirectly infringe any valid and enforceable claim, if any, of the '498, '434, '747, '591, '414, and '665 patents;

(g) Declaring this case is an exceptional case in favor of Counterclaim Plaintiffs pursuant to 35 U.S.C. § 285;

(h) Awarding costs and attorneys' fees to Counterclaim Plaintiffs; and

(i) Awarding Counterclaim Plaintiffs such other and further relief as the Court deems just and equitable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

WILLKIE FARR & GALLAGHER LLP
Thomas J. Meloro
Michael W. Johnson
Heather Schneider
Alexandra F. Awai
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

*Attorneys for Attorneys for Watson Laboratories, Inc. and Actavis Laboratories UT, Inc.*

Dated: June 1, 2015

01:17160362.1