IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UCB, INC., UCB MANUFACTURING IRELAND LIMITED, UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) | |
| Plaintiffs. | ) | |
| v. | ) | C.A. No. 14-1083 (SLR) (SRF) |
| WATSON LABORATORIES, INC. and ACTAVIS LABORATORIES UT, INC., | ) | |
| Defendants. | ) | |

**UCB, INC., UCB PHARMA GMBH, UCB MANUFACTURING IRELAND LIMITED, AND LTS LOHMANN THERAPIE-SYSTEME AG'S ANSWER TO WATSON LABORATORIES, INC.'S AND ACTAVIS LABORATORIES UT, INC.'S COUNTERCLAIMS**

Plaintiffs UCB, INC., UCB Manufacturing Ireland Limited, UCB Pharma GMBH, and LTS Lohmann Therapie-Systeme AG, ("Plaintiffs") answer the counterclaims of defendants Watson Laboratories, Inc. and Actavis Laboratories UT, Inc. ("Defendants") as follows:

## THE PARTIES

1. Watson Laboratories, Inc. is a Nevada corporation with a place of business at 311 Bonnie Circle, Corona, California 92880.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

2. Defendants Actavis Laboratories UT, Inc. is a Delaware corporation with a place of business at 575 Chipeta Way, Salt Lake City, Utah 84108.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

3. Upon information and belief, UCB, Inc. is a Delaware corporation with a place of business at 1950 Lake Park Drive, Smyrna, Georgia 30080.

**ANSWER:** Admitted.

4. Upon information and belief, UCB Ireland is a Republic of Ireland corporation with an office and place of business at Shannon Industrial Estate, Shannon, Co. Clare, Ireland.

**ANSWER:** Admitted.

5. Upon information and belief, UCB Pharma is a Federal Republic of Germany corporation with an office and place of business at Alfred Nobel Strasse 10, 40789 Manheim, Germany.

**ANSWER:** Admitted.

6. Upon information and belief, LTS is Federal Republic of Germany corporation with an office and place of business at Lohmannstrasse 2, 56626 Andernach, Germany.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Admitted.

8. Personal jurisdiction over Counterclaim Defendants is proper because, *inter alia*, Counterclaim Defendants have consented to the personal jurisdiction of this Court by commencing their action for patent infringement in this Judicial District, as set forth in their Complaint.

**ANSWER:** Admitted that Plaintiffs have commenced this action for patent infringement as set forth in the Complaint. Plaintiffs do not contest personal jurisdiction for the purposes of this action. Otherwise denied.

9. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Admitted.

10. There is an actual justiciable controversy between the parties concerning non-infringement and invalidity of the '498, '434, '747, '591, '414, and '665 patents.

**ANSWER:** Admitted.

## FACTUAL BACKGROUND

11. According to the United States Food & Drug Administration ("FDA") publication entitled *Approved Drug Products and Therapeutic Equivalence Evaluations* (the "Orange Book"), UCB, Inc. holds approved New Drug Application ("NDA") No. 021829 for Neupro®.

**ANSWER:** This paragraph references a document, which speaks for itself.

12. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

**ANSWER:** This paragraph contains a legal conclusion, to which no response is required.

13. The '498 patent is entitled on its face "Transdermal Therapeutic Systems Having improved Stability and Their Production" and states that it was issued March 2, 2004.

**ANSWER:** Admitted.

14. The '434 patent is entitled on its face "Transdermal Therapeutic System Which Contains a D2 Agonist and Which is Provided for Treating Parkinsonism, and a Method of the Production Thereof' and states that it was issued April 26, 2005.

**ANSWER:** Admitted.

15. The '747 patent is entitled on its face "Transdermal Therapeutic System For Treating Parkinsonism" and states that it was issued August 19, 2008.

**ANSWER:** Admitted.

16. The '591 patent is entitled on its face "Transdermal Delivery System for the administration of Rotigotine" and states that it was issued December 31, 2013.

**ANSWER:** Admitted.

17. The '414 patent is entitled on its face "Polymorphic Form of Rotigotine and Process for Production" and states that it was issued July 31, 2012.

**ANSWER:** Admitted.

18. The ‘665 patent is entitled on its face “Method for Preventing the Crystallisation of Pharmaceuticals in a Polymer Film” and states that it was issued January 13, 2015.

**ANSWER:** Admitted.

19. Upon information and belief, and as stated in Counterclaim Defendants’ Complaint in this action, the ‘498, ‘434, ‘747, ‘591, ‘414, and ‘665 patents are each owned or co-owned by one or more of Counterclaim Defendants UCB Ireland, UCB Pharma, and LTS.

**ANSWER:** Admitted.

20. Upon information and belief, one or more of Counterclaim Defendants caused the ‘498, ‘434, ‘747, and ‘591 patents to be listed in the Orange Book as patents that claim Neupro® or methods of using Neupro®. Furthermore, upon information and belief, the ‘414 and ‘665 patents are not listed in the Orange Book.

**ANSWER:** Admitted.

21. The Watson ANDA was filed by Watson Laboratories, Inc. seeking FDA approval to engage in the commercial manufacture, use, or sale of the Watson Products.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

22. The Watson ANDA contained “paragraph IV certifications” under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the ‘498, ‘434, ‘747, ‘979, ‘980, and ‘591 patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of the Watson Products.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

23. On August 21, 2014, Counterclaim Defendants filed this lawsuit alleging infringement of the ‘498, ‘434, ‘747, ‘979, ‘980, and ‘591 patents.

**ANSWER:** Admitted.

24. On May 15, 2015, Counterclaim Defendants stipulated to the dismissal, with prejudice, of the ‘979 and ‘980 patents.

**ANSWER:** Admitted that the ’979 and ’980 patents were dismissed by D.I. 55 in this action. This document speaks for itself.

25. On May 15, 2015, Counterclaim Defendants sought leave to file, and on May 22, 2015 Counterclaim Defendants filed, the Amended and Supplemental Complaint for Patent Infringement asserting the ‘498, ‘434, ‘747, ‘591, ‘414, and ‘665 patents (D.I. 61).

**ANSWER:** Admitted that the parties stipulated to D.I. 56 entitled “Stipulation and [Proposed] Order to Amend and Supplement Complaint,” which attached the Amended and Supplemental Complaint. Further admitted that the Court entered D.I. 56 on May 22, 2015 and entered the Amended and Supplemental Complaint on the docket as D.I. 61. These documents speak for themselves. Otherwise denied.

**COUNT I:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘498 PATENT**

26. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-25 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-25.

27. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the ‘498 patent, based on Counterclaim Defendants’ allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the ‘498 patent.

**ANSWER:** Admitted.

28. Each and every claim of the ‘498 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**ANSWER:** Denied.

29. The alleged invention of the ‘498 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

**ANSWER:** Denied.

30. The alleged invention of the ‘498 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States.

**ANSWER:** Denied.

31. The ‘498 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

32. The alleged invention of the ‘498 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ‘498 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ‘498 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

33. The subject matter claimed in the ‘498 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

34. The ‘498 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

**ANSWER:** Denied.

35. The claims of the ‘498 patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by 35 U.S.C. § 112.

**ANSWER:** Denied.

36. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the ‘498 patent are invalid.

**ANSWER:** Denied.

**COUNT II:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '498 PATENT**

37. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-36 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-36.

38. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '498 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER:** Admitted.

39. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '498 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

**ANSWER:** Denied.

40. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '498 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '498 patent.

**ANSWER:** Denied.

**COUNT III:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '434 PATENT**

41. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-40 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-40.

42. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '434 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '434 patent.

**ANSWER:** Admitted.

43. Each and every claim of the '434 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

**ANSWER:** Denied.

44. The alleged invention of the '434 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

**ANSWER:** Denied.

45. The alleged invention of the '434 patent was patented or described in a printed publication in this or a foreign country, or in public use in this country, more than one year prior to the date of the application for patent in the United States.

**ANSWER:** Denied.

46. The '434 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

47. The alleged invention of the '434 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '434 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '434 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

48. The subject matter claimed in the '434 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in such patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which such claimed subject matter pertains.

**ANSWER:** Denied.

49. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '434 patent are invalid.

**ANSWER:** Denied.

**COUNT IV:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '434 PATENT**

50. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-49 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-49.

51. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '434 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER:** Admitted.

52. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '434 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

**ANSWER:** Denied.

53. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '434 patent and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '434 patent either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

**COUNT V:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '747 PATENT**

54. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-53 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-53.

55. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '747 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '747 patent.

**ANSWER:** Admitted.

56. Each and every claim of the '747 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. § 103.

**ANSWER:** Denied.

57. The '747 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

58. The alleged invention of the '747 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '747 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '747 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

59. The subject matter claimed in the '747 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

60. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '747 patent are invalid.

**ANSWER:** Denied.

## COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '747 PATENT

61. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-60 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-60.

62. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '747 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER:** Admitted.

63. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '747 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

**ANSWER:** Denied.

64. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '747 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '747 patent either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

## COUNT VII:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '591 PATENT

65. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-64 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-64.

66. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '591 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '591 patent.

**ANSWER:** Admitted.

67. Each and every claim of the ‘591 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**ANSWER:** Denied.

68. The alleged invention of the ‘591 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

**ANSWER:** Denied.

69. The alleged invention of the ‘591 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States.

**ANSWER:** Denied.

70. The ‘591 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

71. The alleged invention of the ‘591 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ‘591 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ‘591 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

72. The subject matter claimed in the ‘591 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

73. The ‘591 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

**ANSWER:** Denied.

74. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '591 patent are invalid.

**ANSWER:** Denied.

**COUNT VIII:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '591 PATENT**

75. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-74 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-74.

76. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '591 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER:** Admitted.

77. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '591 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

**ANSWER:** Denied.

78. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '591 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '591 patent either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

**COUNT IX:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '414 PATENT**

79. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-78 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-78.

80. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the '414 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the '414 patent.

**ANSWER:** Admitted.

81. Each and every claim of the '414 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103.

**ANSWER:** Denied.

82. The alleged invention of the '414 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

**ANSWER:** Denied.

83. The alleged invention of the '414 patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

**ANSWER:** Denied.

84. The alleged invention of the '414 patent was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent.

**ANSWER:** Denied.

85. The '414 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

86. The alleged invention of the '414 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '414 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would

have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '414 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

87. The subject matter claimed in the '414 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

88. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '414 patent are invalid.

**ANSWER:** Denied.

## COUNT X:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '414 PATENT

89. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-88 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-88.

90. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '414 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER:** Admitted.

91. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '414 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

**ANSWER:** Denied.

92. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the '414 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any

valid and enforceable claims of the ‘980 patent either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

**COUNT XI:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ‘665 PATENT**

93. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-92 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-92.

94. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the ‘665 patent, based on Counterclaim Defendants' allegation in its Complaint that Counterclaim Plaintiffs have infringed or will infringe the ‘665 patent.

**ANSWER:** Admitted.

95. Each and every claim of the ‘665 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**ANSWER:** Denied.

96. The alleged invention of the ‘665 patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent.

**ANSWER:** Denied.

97. The alleged invention of the ‘665 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for patent in the United States.

**ANSWER:** Denied.

98. The ‘665 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER:** Denied.

99. The alleged invention of the '665 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '665 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '665 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

100. The subject matter claimed in the '665 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

101. The '665 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

**ANSWER:** Denied.

102. Counterclaim Plaintiffs are entitled to a judicial declaration that all claims of the '665 patent are invalid.

**ANSWER:** Denied.

## COUNT XII:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '665 PATENT

103. Counterclaim Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-102 of these Counterclaims.

**ANSWER:** Plaintiffs incorporate by reference their responses to paragraphs 1-102.

104. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of the Watson ANDA and/or manufacture, use, offer to sell, sale, and/or importation into the United States of the Watson Products infringes, has infringed, or will infringe any valid and enforceable claim of the '665 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER:** Admitted.

105. Counterclaim Plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ‘665 patent either literally or under the doctrine of equivalents and are not liable for such infringement.

**ANSWER:** Denied.

106. Counterclaim Plaintiffs are entitled to a judicial declaration that they have not infringed, contributed to the infringement of, or induced the infringement of the ‘665 patent; and that the manufacture, use, sale, offer for sale, or importation of the Watson Products that are the subject of the Watson ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the ‘665 patent either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

## COUNTERCLAIM PLAINTIFFS’ PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to any of the relief requested or relief of any kind.

Plaintiffs further deny each allegation contained in Defendants’ Counterclaims that was not specifically admitted, denied, or otherwise responded to in this Answer.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
psaindon@mnat.com

*Attorneys for Plaintiffs UCB, Inc., UCB Pharma GmbH, UCB Manufacturing Ireland Limited, and LTS Lohmann Therapie-Systeme AG*

OF COUNSEL:

George F. Pappas
Kevin B. Collins
Courtney R. Forrest
David Sneed
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

Jennifer L. Robbins
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

Kathryn S. Garcin
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122
(858) 678-1800

June 25, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 25, 2015, upon the following in the manner indicated:

Melanie K. Sharp, Esquire *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
Robert M. Vrana, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

Thomas J. Meloro, Esquire *VIA ELECTRONIC MAIL*
Heather M. Schneider, Esquire
Alexandra F. Awai, Esquire
Michael W. Johnson, Esquire
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
*Attorneys for Defendants*

*/s/ Paul Saindon*
Paul Saindon (#5110)