IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC., UCB MANUFACTURING IRELAND LIMITED, UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG,<br><br>    Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC. and ACTAVIS LABORATORIES UT, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 14-1083-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of January, 2016, having heard argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of U.S. Patent No. 8,617,591 ("the '591 patent") shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. **"Wherein the microreservoirs have a mean diameter in the range of 1% to 40% of the thickness of the self-adhesive matrix:"**[1] "Wherein the mean value of the x,y,z-average diameters of all the microreservoirs is in the range of 1% to 40% of the thickness of the self-adhesive matrix." The specification defines "mean diameter" "as the mean value of the x,y,z-average diameters of all microreservoirs." (4:57-59) It

---

[1] Found in claim 15.

describes a preferred embodiment wherein the "mean diameter of the microreservoirs containing rotigotine distributed in the matrix is in the range of 1 to 40%." (4:51-53) The specification separately defines the term "maximum diameter" as the largest of "the diameter of the microreservoirs in one dimension (x-, y-,or z-dimension)." (4:34-36) The specification explains that when the maximum diameter of the microreservoirs "is less than the thickness of the matrix, direct contact between the skin and the basic microreservoirs containing rotigotine is avoided, if not at all prevented." (4:42-47)

2. During prosecution of the '591 patent, the applicant argued that claim 8 (which later became claim 1) was novel over the prior art because the prior art "does not have a polymer comprising up to about 10% w/w of protonated rotigotine ... and ... the microreservoirs having a maximum diameter that is up to 70% of the thickness of the self-adhesive matrix." Specifically, the prior art process "resulted in a significant ratio of rotigotine which remains protonated and could not provide a maximum microreservoir diameter below 70% of the thickness of the matrix layer." The applicant concluded that it had "presented evidence . . . that the structural (and consequently functional) characteristics . . . are different from" the prior art. (D.I. 112, ex. C at 11-12) (emphasis omitted) The applicant also distinguished claim 22 (which became claim 15) from the same prior art as the prior art "does not have polymer comprising up to about 10% w/w of protonated rotigotine ... and ... the microreservoirs having mean diameter in the range of 1% to 40% of the thickness of the self-adhesive matrix." The applicant argued that the prior art "has microreservoirs with diameters larger than [the] thickness of the matrix due to the higher protonated rotigotine content" and concluded again that it had "presented evidence . . . that the structural (and consequently functional) characteristics

2

. . . are different from" the prior art. (D.I. 112, ex. C at 12) (emphasis omitted) The court does not find support for defendants' additional suggested language[2] "and a maximum diameter less than the thickness of the self-adhesive matrix."

3. The court has provided a construction in quotes for the claim limitation at issue. The parties are expected to present the claim construction consistently with any explanation or clarification herein provided by the court, even if such language is not included within the quotes.

                                            */s/ [signature]*
                                          United States District Judge

---

[2] The first part of defendants' proposed construction is substantially similar to plaintiffs' construction, adopted by the court.

3