# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UCB, INC., UCB MANUFACTURING
IRELAND LIMITED, UCB PHARMA
GMBH, and LTS LOHMANN THERAPIE-
SYSTEME AG,

        Plaintiffs,

v.

WATSON LABORATORIES, INC. and
ACTAVIS LABORATORIES UT, INC.,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. 14-1083-LPS-SRF

## MEMORANDUM ORDER

At Wilmington this **30th** day of **May, 2017,** having reviewed the proposed pretrial order

(D.I. 211, 212, 213) ("PTO"), submitted by Plaintiffs and Defendants, including briefing on

various motions *in limine* ("MIL"),

**IT IS HEREBY ORDERED** that:

1.      The parties shall be prepared to discuss Plaintiffs' MIL #1 and MIL #2 at the

pretrial conference tomorrow.

2.      Defendants' MIL #1, to preclude Plaintiffs from invoking 35 U.S.C. § 256 to

correct inventorship of the '414 patent if the Court finds it invalid under 35 U.S.C. § 102(f), is

**DENIED.** The Federal Circuit has instructed that "'[w]hen a party asserts invalidity under

§ 102(f) due to nonjoinder, a district court should first determine whether there exists clear and

convincing proof that the alleged unnamed inventor was in fact a co-inventor.' Then, '[u]pon such

a finding of incorrect inventorship, a patentee may invoke section 256 to save the patent from

invalidity.' Thus, *after* it is determined that a patent's inventorship is incorrect, 'the patentee *must* then be given an opportunity to correct inventorship pursuant to that section.'" *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1340 (Fed. Cir. 2005) (quoting *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998)) (emphasis added and internal citations omitted). Accordingly, the Court finds that Plaintiffs' notice of intent to invoke § 256, in the event that Defendants' § 102(f) challenge is successful, is not untimely, as Plaintiffs must be given the opportunity to raise § 256 if Defendants prevail.

3.      Defendants' MIL #2, to preclude Plaintiffs from presenting an infringement theory under the doctrine of equivalents with respect to the '434 patent's solubility limitation, is **DENIED**. Defendants contend that Plaintiffs have changed their infringement position, and that Plaintiffs' allegedly new theory is inconsistent with the proper understanding of the claim limitation. Plaintiffs, however, have argued throughout this litigation that the claimed "polymer adhesive system" includes more than just the polymer adhesives alone (*see, e.g.*, PTO Ex. 14 at Pl. Ex. C), and Plaintiffs' infringement theory is consistent with this position. Thus, the Court is not persuaded that Plaintiffs' theory is new. Instead, the parties present differing views as to how the agreed-upon construction for this claim term should be applied to the facts, a dispute the Court will resolve after both sides have had a full opportunity to present their cases at trial.

4.      With respect to paragraph 48 of the PTO (*see* page 12), exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial and can be admitted into evidence, if otherwise admissible and permitted by the Court.

5.    With respect to paragraph 69 of the PTO (*see* page 16), the parties must file briefing on legal issues (in addition to proposed findings of fact).

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE